**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AMERICAN OVERSIGHT,
1030 15th Street NW, B255
Washington, DC 20005

*Plaintiff*,

v.

U.S. DEPARTMENT OF STATE,
2201 C Street NW
Washington, DC 20520

*Defendant*.

Case No. 20-cv-1741

**COMPLAINT**

1. Plaintiff American Oversight brings this action against the U.S. Department of State under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the

Defendant from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of State (State) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). State has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

*State Emails Key Terms Request*

7. On May 20, 2020, American Oversight submitted a FOIA request to State seeking expedited production of:

> All email communications (including email messages, calendar invitations, and attachments thereto, and including complete email chains) <u>sent</u> by the officials specified below containing any of the following key terms:
>
> i. Linick
> ii. steve.a.linick@stateoig.gov
> iii. linicksa@state.gov

iv. "Inspector General"
v. "IG report"
vi. whistleblower

Specified Officials:

i. Secretary Mike Pompeo, or anyone communicating on his behalf, such as a scheduler or assistant
ii. Deputy Secretary Stephen Biegun
iii. Senior Advisors (to Secretary Pompeo) Mary Kissel and Toni Porter
iv. Executive Secretary Lisa Kenna
v. Senior Counselor to the Secretary T. Ulrich Brechbuhl, including in his capacity of Undersecretary for Public Diplomacy
vi. Under Secretary for Management Brian Bulatao
vii. Acting Legal Advisor Marik String
viii. White House Liaison Nilda Pedrosa, or any other individuals acting in the capacity of White House Liaison or Deputy White House Liaison

8. American Oversight requested all responsive records from April 15, 2020, through May 15, 2020.

9. American Oversight further explained that it:

> limited its request to sent email Communications. To be clear, however, American Oversight still requests complete email chains. So, for example, if Secretary Pompeo sent a response to an incoming message containing a key term above, the email chain containing the initially received message and the response is responsive to this request.

10. American Oversight sought expedited processing of the request, citing, among other things, the compelling and urgent need to inform the public on issues concerning actual or alleged federal government activity regarding former Inspector General Steve Linick's removal from his position, in combination with the fact that American Oversight is primarily engaged in disseminating the information it receives from public records requests to the public.

11. By email sent May 22, 2020, State acknowledged receipt of American Oversight's FOIA request and assigned the State Emails Key Terms Request tracking number F-2020-05571.

12. In its May 22, 2020 letter, State denied American Oversight's request for expedited processing of the State Emails Key Terms Request and reported that it "will not be able to respond within the 20 days provided by the statute due to 'unusual circumstances.'"

13. As of the date of this Complaint, American Oversight has not received any further communications from State regarding this FOIA request.

*OIG Directives Request*

14. On May 20, 2020, American Oversight submitted a FOIA request to State Office of the Inspector General (OIG) seeking expedited production of:

> 1. Any directives or guidance transmitted to the Office of the Inspector General regarding the status of any investigations involving Secretary Mike Pompeo or members of his family. This request includes but is not limited to directives to pause, cease, include or omit evidence from, reduce or change staffing for, or in any other way shape any such investigations.
>
> 2. Any formal memoranda filed by Inspector General Steve Linick regarding any investigations involving Secretary Mike Pompeo or members of his family. This request includes but is not limited to internal memoranda, memoranda to file, memoranda of conversations, information memoranda, or action memoranda.

15. American Oversight requested all responsive records from July 1, 2019, through the date the search is conducted.

16. American Oversight sought expedited processing of the request citing, among other things, the compelling and urgent need to inform the public on issues concerning actual or alleged federal government activity regarding former Inspector General Linick's removal from

his position, in combination with the fact that American Oversight is primarily engaged in disseminating the information it receives from public records requests to the public.

17. By email sent May 20, 2020, State OIG acknowledged receipt of American Oversight's FOIA request and assigned the OIG Directives FOIA reference number 2020-223.

18. By the same May 20, 2020 email, State OIG reported that it was reviewing American Oversight's request for expedited processing of the OIG Directives FOIA.

19. As of the date of this Complaint, State OIG has not provided a determination on American Oversight's request for expedited processing.

20. As of the date of this Complaint, American Oversight has not received any further communications from State OIG regarding this FOIA request.

*Linick Meetings Request*

21. On May 20, 2020, American Oversight submitted a FOIA request to State OIG seeking expedited processing of:

> 1. All calendars or calendar entries for Inspector General Steve Linick, including any calendars maintained on his behalf, reflecting any meetings or requested meetings with Secretary Pompeo, former Deputy Secretary Sullivan or Deputy Secretary Biegun, or Under Secretary for Management Bulatao, that took place from July 1, 2019, to the date the search is conducted.
>
> For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars—we request the production of any calendar—paper or electronic, whether on government issued or personal devices—used to track or coordinate how these individuals allocate their time on agency business.
>
> The search should include any calendars associated with Mr. Linick's individual email account, as well as any official calendars maintained for him, including by his administrative assistant or scheduler.

2. All email communications (including email messages, calendar invitations, and attachments thereto, and including complete email chains) between Inspector General Steve Linick (including, but not limited to, steve.a.linick@stateoig.gov and linicksa@state.gov) and any of the specified officials below, regarding meetings or requests for meetings with Secretary Pompeo, former Deputy Secretary John Sullivan or Deputy Secretary Stephen Biegun, or Under Secretary for Management Brian Bulatao:

   i. Secretary Mike Pompeo, or anyone communicating on his behalf, such as a scheduler or assistant
   ii. Deputy Secretary Stephen Biegun or former Deputy Secretary John Sullivan, or anyone communicating on their behalf such as a scheduler or assistant
   iii. Under Secretary for Management Brian Bulatao, or anyone communicating on his behalf, such as a scheduler or assistant

22. American Oversight requested all responsive records from July 1, 2019, through the date the search is conducted.

23. American Oversight sought expedited processing of the request, citing, among other things, the compelling and urgent need to inform the public on issues concerning actual or alleged federal government activity regarding former Inspector General Linick's removal from his position, in combination with the fact that American Oversight is primarily engaged in disseminating the information it receives from public records requests to the public.

24. By email sent May 20, 2020, State OIG acknowledged receipt of American Oversight's FOIA request and assigned the Linick Meetings Request tracking number 2020-224.

25. By the same May 20, 2020 email, State OIG reported that it was reviewing American Oversight's request for expedited processing of the Linick Meetings Request.

26. As of the date of this Complaint, State OIG has not provided a determination on American Oversight's request for expedited processing.

27. As of the date of this Complaint, American Oversight has not received any further communications from State OIG regarding this FOIA request.

*Linick Emails Key Terms Request*

28. On May 20, 2020, American Oversight submitted a FOIA request to State OIG seeking expedited processing of:

> All email communications (including email messages, calendar invitations, and attachments thereto, and including complete email chains) sent by Inspector General Steve Linick (including, but not limited to, steve.a.linick@stateoig.gov and linicksa@state.gov), to any of the specified officials below, and containing any of the following key terms:
>
> i. Saudi
> ii. KSA
> iii. "arms sale"
> iv. "arms deal"
> v. Faulkner
> vi. "emergency declaration"
> vii. AECA
> viii. dog
> ix. "Chinese food"
> x. takeout
> xi. UberEats
> xii. Susan
> xiii. "Ms. Pompeo"
> xiv. "Mrs. Pompeo"
> xv. Shocker
> xvi. Lawler
> xvii. Henderson
> xviii. Madison
> xix. "Nick Pompeo"
> xx. Kansas
> xxi. Porter
> xxii. Pence
> xxiii. Hook
> xxiv. Moley
> xxv. Stull
> xxvi. Nowrouzzadeh
> xxvii. Giuliani
> xxviii. Yovanovitch
> xxix. gmail

xxx. "personal email"

Specified Officials:

i. Secretary Mike Pompeo, or anyone communicating on his behalf, such as a scheduler or assistant
ii. Executive Secretary Lisa Kenna
iii. Deputy Secretary Stephen Biegun or former Deputy Secretary John Sullivan, or anyone communicating on his behalf such as a scheduler or assistant
iv. Under Secretary for Management Brian Bulatao

29. American Oversight requested all responsive records from July 1, 2019, through the date the search is conducted.

30. American Oversight sought expedited processing of the request, citing, among other things, the compelling and urgent need to inform the public concerning actual or alleged federal government activity regarding former Inspector General Linick's removal from his position, in combination with the fact that American Oversight is primarily engaged in disseminating the information it receives from public records requests to the public.

31. By email sent May 20, 2020, State OIG acknowledged receipt of American Oversight's FOIA request and assigned the Linick Emails Key Terms Request tracking number 2020-225.

32. By the same May 20, 2020 email, State OIG reported that it was reviewing American Oversight's request for expedited processing of the Linick Emails Key Terms Request.

33. As of the date of this Complaint, State OIG has not provided a determination on American Oversight's request for expedited processing.

34. As of the date of this Complaint, American Oversight has not received any further communications from State OIG regarding this FOIA request.

*Pompeo Written Responses Request*

35. On June 5, 2020, American Oversight submitted a FOIA request to State OIG seeking:

> The written responses by Secretary Pompeo (or anyone compiling responses on his behalf) in response to inquiries by State OIG investigators regarding arms sales to Saudi Arabia and the United Arab Emirates.

36. American Oversight further explained that it:

> believes that this request for a single, readily identifiable document should be assigned to the Simple processing track. This record concerns a matter of significant public concern and American Oversight expects that State can respond expeditiously.

37. By email sent June 8, 2020, State OIG acknowledged receipt of American Oversight's FOIA request and assigned the Pompeo Written Responses Request tracking number 2020-235.

38. As of the date of this Complaint, American Oversight has not received any further communications from State OIG regarding this FOIA request.

*Exhaustion of Administrative Remedies*

39. As of the date of this Complaint, State has failed to (a) notify American Oversight of any determinations regarding American Oversight's FOIA requests, including the full scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce all of the requested records or demonstrate that the requested records are lawfully exempt from production.

40. Through State's failure to make determinations as to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

41. In addition, as of the date of this Complaint, State OIG has failed to make a determination as to three of American Oversight's requests for expedited processing (the OIG Directives Request, the Linick Meetings Request, and the Linick Emails Key Terms Request). Further, State has denied American Oversight's request for expedited processing as to the State Emails Key Terms Request.

42. Through State's denial and failure to make a determination with respect to American Oversight's requests for expedited processing within the time period required by law, American Oversight has exhausted its administrative remedies as to that issue and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

43. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

44. American Oversight properly requested records within the possession, custody, and control of Defendant.

45. Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

46. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiff's FOIA requests.

47. Defendant's failure to conduct adequate searches for responsive records violates FOIA.

48. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Withholding of Non-Exempt Responsive Records**

49. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

50. American Oversight properly requested records within the possession, custody, and control of Defendant.

51. Defendant is an agency subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide a lawful reason for withholding any materials.

52. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA requests.

53. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to its FOIA requests.

54. Defendant's failure to provide all non-exempt responsive records violates FOIA.

55. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**COUNT III**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Expedited Processing**

56. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

57. American Oversight properly requested records within the possession, custody, and control of Defendant on an expedited basis.

58. Defendant is an agency subject to FOIA, and it must process FOIA requests on an expedited basis pursuant to the requirements of FOIA.

59. The records sought relate to an activity of the federal government about which there is an urgent need to inform the public.

60. Specifically, the records sought relate to a subject of heightened public and media interest, implicating questions concerning the ousting of an inspector general potentially in retaliation for investigating alleged wrongdoing on the part of a government official.

61. American Oversight is primarily engaged in disseminating information to the public.

62. Therefore, the OIG Directives Request, the Linick Meetings Request, and the Linick Emails Key Terms Request justified expedited processing under FOIA.

63. Defendant failed to ensure that a determination of whether to provide expedited processing was made and notice of that determination was provided to American Oversight within ten days after the date of the OIG Directives Request, the Linick Meetings Request, and the Linick Emails Key Terms Request.

64. Defendant's failure to grant expedited processing of the OIG Directives Request, the Linick Meetings Request, and the Linick Emails Key Terms Request violated FOIA.

65. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to grant expedited processing of the OIG Directives Request, the Linick Meetings Request, and the Linick Emails Key Terms Request.

## COUNT IV
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Denial of Expedited Processing

66. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

67. American Oversight properly requested records within the possession, custody, and control of Defendant on an expedited basis.

68. Defendant is an agency subject to FOIA, and it must process FOIA requests on an expedited basis pursuant to the requirements of FOIA.

69. The records sought relate to an activity of the federal government about which there is an urgent need to inform the public.

70. Specifically, the records sought relate to a subject of heightened public and media interest, implicating questions concerning the ousting of an inspector general potentially in retaliation for investigating alleged wrongdoing on the part of a government official.

71. American Oversight is primarily engaged in disseminating information to the public.

72. Therefore, the State Emails Key Terms Request justified expediting processing under FOIA.

73. Defendant wrongfully denied expedited processing of the State Emails Key Terms Request.

74. Defendant's failure to grant expedited processing of the State Emails Key Terms Request violated FOIA and State department regulations.

75. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring State to grant expedited processing of the State Emails Key Terms Request.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant State to expedite the processing of four of American Oversight's FOIA requests identified in this Complaint (the State Emails Key Terms Request, the OIG Directives Request, the Linick Meetings Request, and the Linick Emails Key Terms Request);

(2) Order Defendant State to conduct searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests submitted to State;

(3) Order Defendant to produce, within twenty days of the Court's order, any and all non-exempt records responsive to American Oversight's FOIA requests and *Vaughn* indexes of any responsive records withheld under claim of exemption;

(4) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(5) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.

Dated: June 26, 2020

Respectfully submitted,

/s/ Mehreen Rasheed
Mehreen Rasheed
D.C. Bar No. 144880

/s/ Daniel A. McGrath
Daniel A. McGrath
D.C. Bar No. 1532723

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 848-1320
mehreen.rasheed@americanoversight.org
daniel.mcgrath@americanoversight.org

*Counsel for Plaintiff*